# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| United States of America | : | |
| --- | --- | --- |
| v. | : | Case No. 1:22-CR-15-DLB |
| Vernon Harper | : | |
| Defendant | : | |

## MOTION FOR REVIEW OF DETENTION ORDER

### Introduction

The Government charges Vernon Harper with drug offenses alleged to have taken place between July 2020 and October 2020. But the Government didn't arrest Mr. Harper in 2020. And it didn't arrest him in 2021. Instead, Mr. Harper remained in the community for approximately 18 months pending trial in the underlying state case before the Government decided it was time to bring him into federal court. For almost a year and a half, Mr. Harper remained in the same community the Government now argues is at danger if he is released from custody.

Mr. Harper's only set-back during those 18 months was an arrest and conviction directly tied to his drug addiction. The Court can help Mr. Harper combat this addiction and reasonably assure the safety of the community by releasing him to the proposed release plan and conditions.

For the reasons provided below, Mr. Harper respectfully requests the Court to review the detention order issued in this case on April 29, 2022. Because the

1

Court can fashion conditions that will reasonably assure his appearance in court and community safety, pretrial release is appropriate.

## Background

On or about October 27, 2020, Maryland State Police arrested Mr. Harper and charged him in state court with drug-related offenses.[1] Two days later, Mr. Harper was released from state custody pending trial.

Approximately 15 months later, the Grand Jury return a two-count indictment charging Mr. Harper with (1) Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § 846, and (2) Possession with Intent to Distribute Cocaine and Fentanyl, in violation of 21 U.S.C. § 841.[2] The indictment appears to be based on the same allegations initially charged in state court in October 2020. Federal law enforcement arrested Mr. Harper on April 14, 2022 – almost 18 months after he was initially released from state custody.

Mr. Harper appeared before Judge Maddox for an initial appearance on April 14, 2022, and remained in custody pending a detention hearing.[3] Following a contested hearing on April 29, 2022, Judge Coulson issued an order detaining Mr. Harper on the basis of community safety.[4]

---

[1] *See* Pretrial Services Report at 4.
[2] *See* ECF No. 1 (Indictment).
[3] *See* ECF No. 9 (Order of Temporary Detention); ECF No. 13 (Order of Detention by Agreement).
[4] *See* ECF No. 17 (Detention Order).

Mr. Harper respectfully requests this Court to review that detention order and consider releasing him pending trial in this case.

## Legal Standard

### A. Detention Order Review

A person ordered detained by a magistrate judge may request the district court to review the detention order. *See* 18 U.S.C. § 3145(b). The district court reviews the magistrate judge's decision *de novo*, and makes "an independent determination of the proper pretrial detention or conditions of release." *United States v. Stewart*, 19 Fed.Appx. 46, 48 (4th Cir. 2001) (unpublished); *see also United States v. Clark*, 865 F.2d 1433, 1436 (4th Cir. 1989).

### B. The Bail Reform Act

Ordinarily, a defendant should not be detained pending trial. *See United States v. Salerno*, 481 U.S. 739, 755 (1987) ("In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception."). The Bail Reform Act requires the release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure their appearance in court and the safety of the community. *See* 18 U.S.C. § 3142(c)(1)(B). The statute requires "reasonable assurance," not a "guarantee." *United States v. Shaheed*, 455 F.Supp.3d 225, 263 (D. Md. 2020) (quoting *United States v. Orta*, 760 F.2d 887, 891-92 (8th Cir. 1985)). "Only in rare circumstances should release be denied, and doubts regarding the propriety of release should be resolved in the defendant's

favor." *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991); *see also United States v. Berrios-Berrios*, 791 F.2d 246, 249 (2d Cir. 1986) (noting that the Bail Reform Act codified the "traditional presumption favoring pretrial release for the majority of Federal defendants.") (quotation omitted).

Where, as here, an individual is charged with violating the Controlled Substances Act for which the statutory maximum penalty is ten years or more, there is a rebuttable presumption of detention. *See* 18 U.S.C. § 3142(e)(3)(A). Once triggered, the presumption "places 'a limited burden of production – not a burden of persuasion' on the defendant to 'com[e] forward with evidence that he does not pose a danger to the community or a risk of flight.'" *United States v. Khusanov*, 731 Fed.Appx. 19, 21 (2d Cir. 2018) (quoting *United States v. English*, 629 F.3d 311, 319 (2d Cir. 2011) (emphasis added). The burden of production "is not heavy," it only requires "at least some evidence." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) (quoting *United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991)); *see also United States v. Rodriguez*, 950 F.2d 85, 88 (2d. Cir. 1991) ("[A] defendant must introduce some evidence contrary to the presumed fact in order to rebut the presumption.").

Regardless of whether the presumption applies, the "ultimate burden" of proof remains on the government to "mak[e] a preponderance showing that the defendant poses a risk of flight and clear and convincing showing that he presents a danger to persons or the community." *Khusanov*, 731 Fed.Appx. at 21; *see also*

*Stone*, 608 F.3d at 946 (noting that the burden of proof remains on the Government "[r]egardless of whether the presumption applies").

To determine whether the Government can meet its burden of proof, the Bail Reform Act instructs the Court to consider certain factors, including: (1) "the nature and circumstances of the offense charged," (2) "the weight of the evidence against the person", (3) "the history and characteristics of the person," and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

## Discussion

### A. Proposed Release Plan

Before turning to the § 3142(g) factors, Mr. Harper outlines his proposed release plan. He can reside with his sister Lakisha Small Smith at the address provided in the addendum to the pretrial services report. Ms. Small Smith resides at the address with her infant son. There are no firearms or dangerous animals at the home.

Ms. Small Smith is a suitable third party custodian. She is gainfully employed at the University of Maryland Medical Center in Baltimore, Maryland, as an anesthesia technician. And, as noted in the addendum, she has no prior arrests or criminal convictions. She is willing to serve as a third party custodian and, if necessary, install a landline to accommodate location monitoring.

Additionally, the Court can impose the following conditions of release:

➤ Drug testing;

- Drug treatment;

- Home detention/confinement; and

- Location monitoring.

This proposed release plan reasonably assures Mr. Harper's appearance in Court and the safety of the community.[5]

**B. Mr. Harper's History and Characteristics**

    **a. Mr. Harper's strong community, family, and employment ties**

As noted in the Pretrial Services Report, Mr. Harper is a lifelong resident of Baltimore. Family is incredibly important to Mr. Harper. He shares a close relationship with his mother, sister, aunt, and children, all of whom reside in or around the Baltimore area, and plays an active, father figure role for his four grandchildren.[6] He does not have a passport and has never traveled outside of the United States.

Mr. Harper also has strong employment ties in Baltimore. Before his arrest in this case, Mr. Harper was working for Quality Coverage Hospitality Service, a temporary hospitality staffing company.[7] Counsel for Mr. Harper had an opportunity to speak with Bertha Farnum, the president/owner of the company who spoke about Mr. Harper's strong work ethic. Ms. Farnum advised that Mr. Harper

---

[5] Flight risk is not an issue in this case. *See* Addendum to Pretrial Services Report (noting it believes there are conditions that can be fashioned to reasonably assure Mr. Harper's appearance for future court proceedings); Detention Order (finding community safety as the basis for detention).
[6] *See* Ex. A (Letter from Kim Harper)
[7] *See* Ex. B (Letter from Bertha Farnum).

is a team member and works as a banquet server, stand worker, and steward at events. Ms. Barnum notes that Mr. Harper is one of those core, "go to" team members that "could always be relied upon to execute the tasks thoroughly and to the satisfaction of QC, and the client." If the Court released Mr. Harper, Ms. Barnum advised that he can return to work.

Mr. Harper's strong community, family, and employment ties weigh in favor of release.

### b. Mr. Harper's criminal history

The majority of Mr. Harper's criminal history is dated. Many of his prior convictions took place approximately 30 years ago, when he was a teenage boy. As noted in the pretrial services report, Mr. Harper was convicted of second degree murder in 1994.[8] Approximately 18 years later, Mr. Harper was granted post-convicted relief after learning that the State failed to disclose exculpatory evidence – a blatant *Brady* violation. He was granted a new trial and ultimately resolved the case by way of an *Alford* plea in November 2013, resulting in his release from custody approximately 6 months later.

Since his release from custody in 2014, Mr. Harper's only conviction has been for misdemeanor possession of drug paraphernalia (a plastic straw) that resulted in a $57.50 fine. He also received probation before judgment on a driving without a license/authorization offense in 2017 – an offense that does not score for criminal

---

[8] The pretrial services report incorrectly states the conviction was for first degree murder.

history purposes. *See* U.S.S.G §4A1.2(c). Additionally, there are no allegations that Mr. Harper failed to appear for any of his recent court hearings. *See* 18 U.S.C. § 3142(g)(3)(A) (requiring the court to consider an individual's record concerning appearance at court proceedings).

Mr. Harper is now 47 years old. His recent criminal history is limited and non-violent, and he's established a positive record for showing up for court hearings. This factor weighs in favor of pretrial release.

### C. Nature and Circumstances of the Offense

#### a. Mr. Harper is not charged with firearms or violence

Mr. Harper is charged with drug offenses.[9] While he appreciates the seriousness of the charges, there are no allegations that this offense involved any violence, firearms, explosives, or destructive devices. *See* 18 U.S.C. § 3142(g)(1). This is especially important given that law enforcement were watching Mr. Harper closely over a period of several months.[10]

More importantly, Mr. Harper was released from state custody on October 29, 2020, and he remained in the community for approximately 18 months before his arrest in this case. The Government's concern about community safety is seriously undermined by its decision not to arrest Mr. Harper for almost a year and a half. The Government does not allege Mr. Harper was hiding or otherwise evading arrest. And if there were any doubt about whether Mr. Harper should remain in the

---

[9] *See* Indictment.
[10] *See* Indictment (charging a conspiracy beginning on or about July 2020 to on or about October 28, 2020).

8

community, the Government may have acted upon his arrest in Anne Arundel County in May 2021. It didn't. Instead, he was released on his own recognizance, showed up to his court hearings, and resolved the case approximately 1 year later.

For about 18 months, Mr. Harper remained in the community, and there are no allegations that he's engaged in any violence or possessed any firearms or weapons. This factor weighs in favor of pretrial release.

### b. Mr. Harper's recent arrest shows he needs drug treatment

On May 11, 2021, Mr. Harper was arrested in Anne Arundel County and charged with CDS possession, possession of paraphernalia, and possession of contraband in a place of confinement.[11] He was again released from custody, where he remained in the community with no issues until he resolved the case almost a year later. On April 14, 2022, he pleaded guilty to possession of paraphernalia (a plastic straw) and was issued a $57.50 fine. The remaining drug-possession charges were nolle prossed. Federal law enforcement officers arrested Mr. Harper at the courthouse that day.[12]

Mr. Harper's arrest in Anne Arundel County on May 11, 2021 does not demonstrate he is a danger to the community. Instead, it shows he is struggling with a serious drug addiction.

---

[11] *See* Pretrial Services Report.
[12] *See* ECF No. 20 (Arrest Warrant).

As noted in his CDF medical records, Mr. Harper was using 1 gram of heroin daily.[13]



He was going through opioid withdrawals and issued detox medications.



---

[13] *See* Ex. C (CDF Medical Records).

The Court can help Mr. Harper combat this addiction by requiring him to attend drug treatment – something he's never done before.[14] It can also require him to undergo drug testing. That would allow the Court and U.S. Probation to closely monitor Mr. Harper's compliance. Not only will these release conditions support Mr. Harper's recovery, they also reasonably assures community safety.

**D. The Weight of the Evidence**

While the weight of the evidence is a factor the Court considers at a detention hearing, it does not in any way "modify[] or limit[] the presumption of innocence." 18 U.S.C. § 3142(j). Moreover, many courts consider this the least important factor in the analysis. *See, e.g.*, *Gebro*, 948 F.2d at 1121. For good reason. As noted by the Ninth Circuit Court of Appeals,

> Although the statute permits the court to consider the nature of the offense and the evidence of guilt, the statute neither requires nor permits a pretrial determination that that person is guilty. These factors may be considered only in terms of the likelihood that the person will fail to appear or will pose a danger to any person or to the community. Otherwise, if the court impermissibly makes a preliminary determination of guilt, the refusal to grant release could become in substance a matter of punishment.

*United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985) (internal citations omitted).

Here, Mr. Harper's strong proposed release plan, together with the remaining §3142(g) factors weigh in favor of release.

---

[14] *See* Pretrial Services Report at 2.

## Conclusion

For the reasons provided above, Mr. Harper respectfully requests the Court to release him pending trial in this case. The proposed release plan and conditions will reasonable assure his appearance in court and the safety of the community.

Respectfully submitted,
James Wyda
Federal Public Defender
  for the District of Maryland

___/s/_____
Francisco A. Carriedo (#816158)
Assistant Federal Public Defender
100 South Charles Street
Tower II, 9th Floor
Baltimore, Maryland 21201
Phone: (410) 962-3962
Fax: (410) 962-0872
Email: Francisco_Carriedo@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2022, a copy of the foregoing was served via CM/ECF to the Government.

_____/s/_____
Francisco A. Carriedo